IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM W. CORLESS JR., d/b/a UNLIMITED CAGE FIGHTING HAWAII,<br><br>     Plaintiff,<br><br>  vs.<br><br>ZUFFA, LLC, d/b/a ULTIMATE FIGHTING CHAMPIONSHIP,<br><br>     Defendant.<br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 12-00689 JMS-RLP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE THE ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT OR FOR A NEW TRIAL |

**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE THE ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT OR FOR A NEW TRIAL**

**I.   INTRODUCTION**

On April 10, 2013, this court issued an Order Granting Defendant Zuffa, LLC, d/b/a/ Ultimate Fighting Championship's ("Defendant" or "Zuffa") Motion to Dismiss Complaint ("April 10 Order") finding that Plaintiff William W. Corless Jr., d/b/a Unlimited Cage Fighting Hawaii ("Plaintiff") failed to show the existence of "a justiciable case or controversy sufficient to confer subject matter jurisdiction for a declaratory judgment." Doc. No. 19, April 10 Order at 1. On April 29, 2013, Plaintiff filed a Motion to Set Aside the Order Granting

Defendant's Motion to Dismiss Complaint or For a New Trial. Doc. No. 21. Plaintiff brings his Motion pursuant to Federal Rule of Civil Procedure ("FRCP" or "Rule") 60(b)(2) based on his contention that the court erred by misinterpreting Hawaii law and the presentation of newly discovered evidence.

The court construes the Motion as one for Reconsideration of the April 10 Order. As discussed below, the court finds that Plaintiff failed to demonstrate a basis for reconsideration and therefore, the Motion is DENIED.

## II. BACKGROUND

The relevant factual and procedural background in this case is set forth in the April 10 Order and need not be repeated here. On April 10, 2013, the Clerk of Court entered Judgment. Doc. No. 20. On April 29, 2013, Plaintiff filed the instant Motion. Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

## III. STANDARD OF REVIEW

A motion for reconsideration filed within twenty-eight days of entry of judgment is considered under Federal Rule of Civil Procedure 59(e); a later-filed motion is considered under Rule 60(b). *United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1098 (9th Cir. 2008) (quoting *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001)).

Because Plaintiff filed his Motion for Reconsideration within twenty-eight days of judgment, the court analyzes his motion pursuant to Rule 59(e).[1]

Rule 59(e) authorizes a court to alter or amend judgment. "A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). The Ninth Circuit set forth the following grounds justifying reconsideration under Rule 59(e):

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice: or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted); *see also Turner*, 338 F.3d at 1063; *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1063-64 n.1 (9th Cir. 2005); *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008).

---

[1] Plaintiff filed his Motion pursuant to Rule 60(b)(2) -- although the court construes his Motion as brought under Rule 59(e), the court's analysis and ruling would be the same, whether under Rule 59(e) or 60(b)(2).

## IV.  ANALYSIS

In the April 10 Order, this court found that pursuant to Hawaii Revised Statutes ("HRS") Chapter 440E, mixed martial arts ("MMA") promoters must be licensed (HRS § 440E-6) and promoters must obtain a permit to hold an MMA event (HRS § 440E-7(a)).  Doc. No. 19, April 10 Order at 8.  Based, in part, on these provisions, the court ruled that Plaintiff's conduct, in conjunction with his lack of a license and permit, fell "well short of the significant, concrete steps to conduct potentially infringing activity necessary to confer jurisdiction on the court."  Doc. No. 19, April 10 Order at 9.

Plaintiff argues that the court erred by failing to consider § 440E-26, which provides:

> This chapter shall not apply to any mixed martial arts contest held as a recreational activity by active duty armed forces, armed forces reserve, or national guard personnel, or the Police Activities League, when the contest is held under the supervision of a recreational officer of the active duty armed forces, armed forces reserve, national guard, or a Police Activities League staff member.

HRS § 440E-26.  Plaintiff contends that Hawaii law thus allows a promoter to hold an MMA event "through Military recreation programs or at any location in Hawaii with a staff member from the PAL without the requirement of obtaining a

promoter's license . . . [and therefore,] the case should not have been dismissed." Doc. No. 21, Motion at 3.

In addition, Plaintiff states that he has now obtained a promoter's license and therefore, the court's finding that his lack of a license precluded the existence of a case or controversy is now moot.  *Id.*  Plaintiff further provides evidence of a proposed license agreement between Defendant and Plaintiff that he received on January 11, 2013, and that he rejected by email dated January 14, 2013.  Plaintiff contends that this evidence supports his contention that he "has done everything he can short of actual infringement."  *Id.* at 5.

The court did not misinterpret Hawaii law.  While Chapter 440E does not apply in some specific and extremely limited circumstances, at no time did Plaintiff ever suggest that the event he planned would qualify as one these limited circumstances.  That is, he made no such allegation in his Complaint, Opposition to the Motion to Dismiss, during the hearing before this court, or even in the instant Motion.  Furthermore, if Plaintiff planned such an event, he would have known it at the time he filed both his Complaint and Opposition and therefore, any evidence that § 440E-26 applies to this case is neither newly discovered nor previously

5

unavailable.[2] Absent any factual evidence to suggest the application of § 440E-26 to this case, Plaintiff's argument is without merit.

Furthermore, evidence that Plaintiff now presents: (1) that Defendant sent, and he rejected, a license agreement to use an octagonal shaped fighting cage in January 2013; and (2) that he now holds a promoter's license, is either irrelevant or neither newly discovered nor previously unavailable. Plaintiff filed his Opposition two months after he rejected the license agreement and could have included this evidence at that time. And, as the court explained, a "case or controversy must 'exist[] at the time the claim for declaratory relief is filed.'" Doc. No. 19, April 10 Order at 6 (citing *Matthews Int'l Group v. Biosafe Eng'g, LLC*, 695 F.3d 1322, 1328 (Fed. Cir. 2012)). Plaintiff filed his Complaint on December 18, 2012, a month before he received and rejected the license agreement and four months before obtaining his license.

Finally, the court dismissed Plaintiff's Complaint without prejudice. Accordingly, Plaintiff is free to file a new action should circumstances change

---

[2] To base a motion for reconsideration on the discovery of new evidence, Plaintiff is "obliged to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing." *Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985) (citation and quotation signals omitted); *see also Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 892 n. 6 (9th Cir. 1994) ("Evidence is not newly discovered if it was in the party's possession at the time of summary judgment or could have been discovered with reasonable diligence.").

sufficiently to warrant declaratory relief.  No acts by Plaintiff or new evidence obtained after December 18, 2012 could apply retroactively to establish a "case or controversy" in *this* case -- it would have to be reviewed in a new case.

## V.  CONCLUSION

Because Plaintiff failed to demonstrate a basis for reconsideration pursuant to Rule 59(e), the court DENIES Plaintiff's Motion to Set Aside the Order Granting Defendant's Motion to Dismiss Complaint or for a New Trial.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 1, 2013.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Corless v. Zuffa, LLC*, Civ. No. 12-00689 JMS-RLP; Order Denying Plaintiff's Motion to Set Aside the Order Granting Defendant's Motion to Dismiss Complaint or for a New Trial